# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JORGE HERNANDEZ VILLALTA, aka DAYANA HERNANDEZ VILLALTA, <br><br> Petitioner, <br><br> v. <br><br> MARKWAYNE MULLIN, et al., <br><br> Respondents. | Case No. 5:26-cv-02486-DFM <br><br> ORDER GRANTING PETITIONER'S UNOPPOSED HABEAS PETITION (Dkt. 1) |

On May 11, 2026, Petitioner Dayana Hernandez Villalta (A-Number: 213-089-169), proceeding through counsel, filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), challenging the revocation of her release on an Order of Supervision ("OSUP") and her re-detention under the Fifth Amendment Due Process Clause and the Administrative Procedure Act. Dkt. 1.

Petitioner alleges that an Immigration Court previously granted her withholding of removal to El Salvador. See id. ¶ 25. Petitioner alleges that she was previously discharged from detention on an OSUP dated April 27, 2018. See id. ¶¶ 3, 26. Petitioner alleges that she complied with all legal requirements, including attending check-ins, but was nonetheless apprehended and re-detained without explanation following a scheduled check-in on April

15, 2026. See id. ¶¶ 3-4. 26, 28. Petitioner alleges that U.S. Immigration and Customs Enforcement ("ICE") identified Mexico as a third country to which she could potentially be removed, but following a reasonable fear screening interview on May 5, 2026, U.S. Citizenship and Immigration Services ("USCIS") determined that Petitioner "established that it is more likely than not that [she] will be persecuted in Mexico." See id. ¶¶ 6, 31-32, 52. Petitioner seeks, inter alia, her "immediate release with all personal belongings, subject to any appropriate conditions." Id. at 29-30.

On May 18, 2026, Respondents filed an Answer to the Petition, stating: "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered such that, consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." Dkt. 6.

As Respondents do not advance any argument in opposition to the Petition, the unopposed Petition is **GRANTED**. Respondents are **ORDERED** to:

1.      Release Petitioner from custody immediately, under the same OSUP conditions as she was released prior to her April 15, 2026 re-detention;

2.      Upon her release, return to Petitioner all of her possessions, documents, and other property; and

///

///

///

///

///

///

///

3.      File a statement with the court within three (3) court days, attesting to Respondents' compliance with this Order.[1]

**IT IS SO ORDERED.**

Date: May 19, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[1] Petitioner also seeks permanent injunctive relief limiting the future revocation of her release, future re-detention, and potential third country removal. See Petition at 29-30. The Court declines to grant any such relief. The Court takes no position on whether, or under what circumstances, Respondents may lawfully seek to re-detain Petitioner in the future.

3